

Karen E. Keller
I.M. Pei Building
1105 North Market St., 12th Floor
Wilmington, DE 19801
(302) 298-0702
kkeller@shawkeller.com

February 6, 2019

**BY CM/ECF & HAND DELIVERY**
The Honorable Maryellen Noreika
United States District Court
844 N. King Street
Wilmington, DE 19801

    Re:  *Abbott Cardiovascular Systems, Inc., et al. v. Edwards Lifesciences Corp., et al.*,
           C.A. No. 19-149-MN

Dear Judge Noreika:

    I write on behalf of Plaintiffs Abbott Cardiovascular Systems, Inc. and Evalve, Inc. (collectively "Abbott") to notify the Court that Abbott has been contacted by counsel for the Defendants Edwards Lifesciences Corp. and Edwards Lifesciences, LLC (collectively, "Edwards") in this case. Abbott respectfully requests a teleconference with the Court to discuss a schedule for Abbott's motion for a preliminary injunction given the potentially imminent U.S. manufacture and export of Edwards' accused product for a commercial launch in Europe. The accused product, PASCAL, is a device for repairing the heart's mitral valve. If launched it would compete directly with Abbott's "MitraClip" device.

    Abbott has worked expeditiously and diligently over the past week to enable Edwards to respond promptly to give the Court sufficient time to consider the motion before it is too late, specifically:

- January 28, 2019:

    o Complaint filed and served on Edwards' registered agent. (D.I. 1, 7.)

    o Motion to File Under Seal filed with a lightly redacted version of Abbott's opening brief supporting its motion for a preliminary injunction attached as an exhibit. (D.I. 5, 5-1.)

- January 29, 2019: Motion for a Preliminary Injunction (both sealed and public redacted versions) filed. (D.I. 10-15.) Abbott's public brief includes only about 20 lines of redacted text, and only 27 of the 286 exhibits are redacted.

- January 30, 2019 (morning): Abbott served Edwards' registered agent with the public version of filings the following day. (D.I. 17, 18.)

- January 30-31, 2019: Abbott's outside counsel left a voicemail for Edwards' in-house litigation counsel on January 30, and followed up by email January 31, to obtain a point of contact to discuss a proposed schedule.

SHAW KELLER LLP

The Honorable Maryellen Norieka
Page 2

- February 1, 2019: Catherine Nyarady of Paul Weiss, who represents Edwards, left a message with Abbott's counsel. Abbott's counsel called back promptly and then emailed Ms. Nyarady asking if Edwards was willing to stipulate to beginning discovery pursuant to Fed. R. Civ. P. 26(d)(1).

- February 3, 2019: Ms. Nyarady responded to Abbott's counsel's email and proposed a telephone call for the following day, February 4, 2019. Abbott's counsel accepted.

- February 4, 2019:

    - Abbott's counsel sent Edwards's counsel a proposed scheduling order, including a stipulation that Edwards would not launch its product before July 15, 2019 or until the Court rules on Abbott's motion. (*See* Ex. A, 2/4/2019 (9:35 am) Email). During the subsequent call, Edwards declined the proposed stipulation and stated that Edwards would launch upon receiving CE mark approval without waiting for the preliminary injunction motion to be resolved.

    - Abbott's counsel offered to send the sealed filings to Ms. Nyarady immediately if she confirmed that she would be making an appearance and agreed to maintain the material confidential in accordance with LR 26.2. (Ex. B, 2/4/2019 (2:28 pm) Email.) Ms. Nyarady declined to "accept service" "until we can work … out" getting "representatives of Edwards…full access to the papers." (*See* Ex. C, 2/4/2019 (4:04 pm) Email.)

- February 5, 2019:

    - Abbott's counsel again wrote to Ms. Nyarady confirming that Abbott would agree to allow Edwards' four chosen in-house lawyers to access the sealed preliminary injunction filings, with the exception of certain commercially sensitive exhibits. (Ex. D, 2/5/2019 (9:43 am) Email.) Ms. Nyarady declined Abbott's offer, instead asking that the parties first negotiate a final and formal protective order. (Ex. E, 2/5/2019 (11:37 am) Email.)

    - Abbott's counsel also wrote to Ms. Nyarady asking whether, in light of "Edwards' decision against committing not to launch PASCAL pending resolution of [Abbott's] PI motion," Edwards would provide ten business days' notice of any commercial manufacturing or export of PASCAL with the aim "to give the Court at least some window of time to resolve any necessary motion for emergency relief." (Ex. F, 2/5/2019 (11:35 am) Email.) Ms. Nyarady declined that offer too. (Ex. G, 2/6/2019 (3:39 pm) Email.)

SHAW KELLER LLP

The Honorable Maryellen Norieka
Page 3

- February 6, 2019: Abbott's counsel sent a draft Protective Order to Ms. Nyarady as she requested. (Ex. G, 2/6/2019 (11:12 am) Email.)

    As of the time of filing of this letter, the Paul Weiss lawyers have indicated that they will file their appearances "at some point" (Ex. C), but have not yet done so. Given these circumstances, Abbott respectfully requests that the Court schedule a teleconference to discuss a schedule for briefing and limited discovery with respect to the Motion and Abbott's proposal that Edwards provide notice before it commercially manufactures or exports PASCAL.

Respectfully submitted,

*/s/ Karen E. Keller*

Karen E. Keller (No. 4489)

cc: Clerk of the Court (by CM/ECF and hand delivery)
    Catherine Nyarady, Esq. (by electronic mail)