IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABBOT CARDIOVASCULAR SYSTEMS, INC., and EVALVE, INC., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 19-149-MN |
| v. | ) ) | |
| EDWARDS LIFESCIENCES CORP., and EDWARDS LIFESCIENCES LLC, | ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' MOTION TO EXCLUDE EXPERT OPINIONS UNDER *DAUBERT*

Pursuant to Federal Rule of Evidence 702 and the principles set forth in *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993), plaintiffs respectfully move the Court to exclude the following opinions from the clinician reports of Drs. Ehrin Armstrong, Tarun Chakravarty, Florian Deuschl, Ted Feldman, Tsuyoshi Kaneko, and Robert Kipperman for failure to satisfy *Daubert*'s "qualifications," "reliability," and "fit" requirements:

- PASCAL may or will be more suitable than MitraClip for particular anatomies;

- PASCAL may or will reduce complications compared to MitraClip, including by imposing less tension on the mitral valve leaflets and reducing risk of leaflet tears, single leaflet device attachment, mitral stenosis, and chordal entanglement; and

- PASCAL may or will allow for equal or better reduction of MR with fewer devices.

Abbott further moves to exclude the following opinions from Dr. Morten Olgaard Jensen's reports for applying incorrect legal standards:

- The '267, '388, and '493 patents lack written description and/or enablement because they do not describe or enable PASCAL's features; and

- The '267/'388 patent claims are invalid for obviousness-type double patenting in view of combinations of unrelated '493 patent claims,

Abbott further moves to exclude the following opinions from Dr. Ryan Sullivan's reports for applying incorrect legal standards:

- MitraClip profits should have been considered when evaluating commercial success.

The grounds for this motion are set forth in plaintiffs' opening brief, filed contemporaneously herewith. Pursuant to Local Rule 7.1.1, the parties met and conferred on the matters set forth in this motion, but were unable to reach agreement.

WHEREFORE, plaintiffs respectfully request that the Court enter the enclosed order and exclude the improper expert opinions of Drs. Armstrong, Chakravarty, Deuschl, Feldman, Kaneko, Kipperman, Jensen, and Sullivan.

*/s/ David M. Fry*
_____
Karen E. Keller (No. 4489)
David M. Fry (No. 5486)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
dfry@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Plaintiffs*

OF COUNSEL:
James F. Hurst
Amanda J. Hollis
Gregory B. Sanford
Rebecca Fitzpatrick
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Benjamin A. Lasky
Aaron D. Resetarits
KIRKLAND & ELLIS LLP
601 Lexington Ave.
New York, NY 10022
(212) 446-4800

Erin C. Johnston
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

Dated: February 21, 2020