IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT CARDIOVASCULAR SYSTEMS, INC., and EVALVE, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 19-149-MN ) ) |
| EDWARDS LIFESCIENCES CORP., and EDWARDS LIFESCIENCES LLC, | ) ) ) |
| Defendants. | ) ) |

**[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION TO EXCLUDE EXPERT OPINIONS UNDER *DAUBERT***

At Wilmington this _____ day of _____, 2020, having reviewed Plaintiffs' Motion to Exclude Expert Opinions under *Daubert* and the briefing associated therewith, IT IS HEREBY ORDERED that the motion is GRANTED.

The Court hereby excludes the following opinions from the clinician reports of Drs. Ehrin Armstrong, Tarun Chakravarty, Florian Deuschl, Ted Feldman, Tsuyoshi Kaneko, and Robert Kipperman for failure to satisfy *Daubert*'s "qualifications," "reliability," and "fit" requirements:

- PASCAL may or will be more suitable than MitraClip for particular anatomies;

- PASCAL may or will reduce complications compared to MitraClip, including by imposing less tension on the mitral valve leaflets and reducing risk of leaflet tears, single leaflet device attachment, mitral stenosis, and chordal entanglement; and

- PASCAL may or will allow for equal or better reduction of MR with fewer devices.

The Court further excludes the following opinions from Dr. Morten Olgaard Jensen's reports for applying incorrect legal standards:

- The '267, '388, and '493 patents lack written description and/or enablement because they do not describe or enable PASCAL's features; and

- The '267/'388 patent claims are invalid for obviousness-type double patenting in view of combinations of unrelated '493 patent claims,

Last, the Court excludes the following opinions from Dr. Ryan Sullivan's reports for applying incorrect legal standards:

- MitraClip profits should have been considered when evaluating commercial success.

_____
United States District Court Judge