IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ABBOTT CARDIOVASCULAR SYSTEMS, INC. and EVALVE, INC.,

Plaintiffs,

v.

EDWARDS LIFESCIENCES CORP. and EDWARDS LIFESCIENCES LLC,

Defendants.

C.A. No. 19-0149 (MN)

**EDWARDS' SUR-REPLY BRIEF IN FURTHER OPPOSITION TO ABBOTT'S MOTION TO EXCLUDE EXPERT OPINIONS UNDER *DAUBERT***

OF COUNSEL:

Nicholas Groombridge
Catherine Nyarady
Kripa Raman
Kira A. Davis
Michael Milea
Allison C. Penfield
Ayelet Evrony
Joshua Reich
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000

David E. Cole
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
(202) 223-7300

Jeffrey L. Moyer (#3309)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
Richards, Layton & Finger, P.A.
920 N. King Street
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
Moyer@rlf.com
Farnan@rlf.com
Haynes@rlf.com

*Attorneys for Defendants Edwards Lifesciences Corp. and Edwards Lifesciences, LLC*

Dated: March 25, 2020

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........ ii

I. PRELIMINARY STATEMENT ........ 1

II. ARGUMENT ........ 2

III. CONCLUSION ........ 5

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*B & B Hardware, Inc.* v. *Hargis Indus., Inc.*,
575 U.S. 138 (2015) ........ 2

*Baxalta Inc.* v. *Genentech, Inc.*,
2018 WL 3742610 (D. Del. Aug. 7, 2018) ........ 4

*Cordis Corp.* v. *Bos. Sci. Corp.*,
99 F. App'x 928 (Fed. Cir. 2004) ........ 4

*eBay Inc.* v. *MercExchange, L.L.C.*,
547 U.S. 388 (2006) ........ 5

*Grain Processing Corp.* v. *Am. Maize-Prods. Co.*,
185 F.3d 1341 (Fed. Cir. 1999) ........ 2

*Grassel* v. *Dep't of Educ. of City of N.Y.*,
2017 WL 1051115 (E.D.N.Y. Mar. 20, 2017) ........ 2

*Hawksbill Sea Turtle* v. *Fed. Emergency Mgmt. Agency*,
126 F.3d 461 (3d Cir. 1997) ........ 5

*Pony Express Records, Inc.* v. *Springsteen*,
163 F. Supp. 2d 465 (D.N.J. 2001) ........ 5

*Popp Telcom* v. *Am. Sharecom, Inc.*,
210 F.3d 928 (8th Cir. 2000) ........ 5

*Suppan* v. *Dadonna*,
203 F.3d 228 (3d Cir. 2000) ........ 2

**STATUTES**

35 U.S.C. § 283 ........ 5

## I. PRELIMINARY STATEMENT

Issue preclusion does not apply here, including because Abbott mischaracterized the issues in this and the UK case. In neither jurisdiction did Edwards argue that PASCAL has been objectively shown to be "superior" to MitraClip. The UK court thus did not rule against Edwards on that point, but instead ruled against Edwards on a ***legal*** argument. In contrast to US law, in the UK, an injunction is the usual remedy for patent infringement, and the burden is on the defendant to defeat an injunction. Interpreting that very different body of law, the UK court held that ***only*** objective superiority evidence could establish a public interest sufficient to overcome the grant of an injunction. Because Edwards had not contended that such evidence yet existed, Edwards lost.[1]

Nothing about that decision should affect this case. Objective evidence of superiority may be all that the UK court would accept, but in the US, the challenged physicians' opinions are relevant to two issues. First, evidence of the reasons why physicians are selecting PASCAL for difficult-to-treat patients refutes Abbott's claim that if PASCAL did not exist, its sales would have been MitraClip sales. Second, the challenged opinions show that it is in the interests of patients that PASCAL be available. It is undisputed that cardiologists rely on far more than randomized clinical trial results to determine which patient will benefit from which treatment. Under US law, this Court can consider those other types of evidence showing that patients will benefit from PASCAL's availability, and is not limited to "objective superiority" evidence. The issues to be decided here are not the same. In sum, what Abbott is asking this Court to do is to strike relevant, admissible expert testimony because similar arguments did not carry the day in a different country applying different law to different issues. Issue preclusion does not result in these circumstances.

---

[1] Edwards disagrees that UK law is so strict, and intends to appeal both that ruling and the UK court's ruling on the merits of the patent dispute.

## II. ARGUMENT

Abbott has not shown three of the four requirements for issue preclusion: that the identical issue was previously adjudicated, that the issue was actually litigated, and that the previous determination was necessary to the decision. Issue preclusion thus does not apply.

**The issue adjudicated in the UK was not the same.** "Identity of the issue is established by showing that the same general legal rules govern both cases and that the facts of both cases are indistinguishable as measured by those rules. The party seeking to effectuate an estoppel has the burden of demonstrating the propriety of its application." *Suppan* v. *Dadonna*, 203 F.3d 228, 233 (3d Cir. 2000) (quotation omitted). Although perfect identity is not required, the factors that Abbott cites (Reply at 5) do not matter if the issues are different; the issues must be "really the same." *B & B Hardware, Inc.* v. *Hargis Indus., Inc.*, 575 U.S. 138, 140 (2015). And "issue preclusion does not apply when different legal standards are brought to bear on the same facts." *Grassel* v. *Dep't of Educ. of City of N.Y.*, 2017 WL 1051115, at *6 (E.D.N.Y. Mar. 20, 2017). That is because "[i]ssues are not identical if the second action involves application of a different legal standard, even though the factual setting of both suits may be the same." *B & B Hardware, Inc.*, 575 U.S. at 154. The differences in legal standards here are fatal to Abbott's arguments.

Turning first to lost profits, the absence of any discussion by Abbott of lost profits is a basis to deny its request, as Abbott had the burden to show that the issues are the same. They are not. The UK court did not make a lost profits determination. And the standard for lost profits is nothing like the UK injunction standard. Here, ***Abbott*** must "show 'causation in fact,' establishing that 'but for' the infringement, [it] would have made additional profits." *Grain Processing Corp.* v. *Am. Maize-Prods. Co.*, 185 F.3d 1341, 1349 (Fed. Cir. 1999). "[T]he patent owner has an initial burden to show a reasonable probability that he would have made the asserted sales 'but for' the

infringement." *Id.* The UK court did not rule that Abbott had met that burden, and the challenged evidence shows that Abbott has not. Doctors treating MR patients rely on their experience and medical training, and on publications like those discussed in the challenged opinions, to make decisions about whether and how a patient will be treated. (*See* Opp'n Br. at 12-13, 15.) The UK court also recognized that there is a body of physicians who believe that "PASCAL would be better for the individual patient," and that those views are reasonable. (Ex. 38 at ¶¶ 135-36.) Neither lost profits law nor the standard of care requires that doctors wait for objective superiority evidence to make patient treatment decisions. This evidence shows that Abbott was wrong to assume every sale of PASCAL was a lost sale of MitraClip, and it should not be excluded because the UK court decided similar evidence was legally insufficient on a different issue. The issues are too different.

That evidence also should be considered when assessing the public interest. Abbott says that the "issue" for preclusion is whether an injunction should be denied as contrary to the public interest because PASCAL can treat patients that MitraClip cannot. (Reply at 1.) But the UK court did not decide that Abbott had shown that PASCAL offers no benefit to patients. Rather, the UK court ruled on what ***Edwards*** was legally required to show under UK law to establish a public interest sufficient to overcome the grant of an injunction. (Ex. 38 at ¶¶88-92.) Based on the UK court's view that an injunction is the normal remedy that yields to the public interest only in limited cases (*id.* at ¶ 73), the court held that "[w]hat is required is sufficient objective evidence to find that there are in fact patients who ought not to be treated using the available product from the patentee but who could, in the reasonable opinion of a body of doctors, be treated using the rival's product." (*Id.* at ¶ 85.) Using this strict standard, the UK court found "that Edwards' application must fail in any event. The most Edwards set out to prove is not enough to justify refusal or a carve out from the patent injunction in this case." (*Id.* at ¶ 91.)

This Court should find that it is contrary to the interests of patients to enjoin PASCAL, if the case reaches that stage. Issue preclusion does not prevent Edwards from using evidence of the type relied upon by doctors daily in making decisions about how best to treat their patients to show that patients will be harmed by Abbott's requested injunction. The challenged physicians did not opine that PASCAL is "superior" to MitraClip, as that term refers to the result of a randomized clinical trial.[2] But under US law, they did not need to. What they did opine, based on their experience treating MR patients and taking into account the available evidence, is that many needy MR patients are not in fact being treated adequately or at all, that PASCAL can be used with some of these difficult-to-treat patients, and that the availability of PASCAL thus benefits patients.[3]

That type of evidence is sufficient in the US, as objective superiority evidence is not required here. *See, e.g.*, *Cordis Corp.* v. *Bos. Sci. Corp.*, 99 F. App'x 928, 935 (Fed. Cir. 2004) ("[A] strong public interest supports a broad choice of drug-eluting stents, even though no published study proves the superiority of either . . . stent."). Newer medical devices are not easier to enjoin in the US because they have less randomized data, and preliminary data ***can*** be considered, as can expert opinions about benefits to patients. *See, e.g., Baxalta Inc.* v. *Genentech, Inc.*, 2018 WL 3742610, at *12 (D. Del. Aug. 7, 2018). And although Edwards has shown far more here, physician choice ***alone*** can suffice to refuse an injunction. *See Cordis Corp.*, 99 F. App'x at 935. Abbott does not point to a case saying that objective superiority evidence is required

[2] The CLASP IID/IIF trial has superiority endpoints, but it is ongoing. (D.I. 358 Ex. 5 at ¶ 100.)

[3] Abbott's experts do not dispute that it is reasonable for doctors to believe that PASCAL has advantages for patients. Dr. Makar thought the list of advantages to be reasonable hypotheses. (Davis Ex. 34 at 91-101.) He thinks physicians should "provide whatever they think is right for their patients," and is not opining that physicians who prefer PASCAL are wrong. (*Id.* at 146-47.) Dr. Sorajja would support the use of PASCAL if "there was evidence or suggestion that the PASCAL was the only way to treat that patient." (Davis Ex. 35 at 98.) Neither claimed that whether PASCAL should be available turns on the existence of objective superiority data.

under US law, because it is not required. Unlike the UK court, this Court has broad discretion to consider evidence, because injunctions are granted only "in accordance with the principles of equity" and "on such terms as the court deems reasonable." 35 U.S.C. § 283; *see also eBay Inc.* v. *MercExchange, L.L.C.*, 547 U.S. 388, 394 (2006). This Court thus properly considered physician opinions about PASCAL in connection with its decision to deny a preliminary injunction. (D.I. 164.) And unlike the UK, the burden of proof on the public interest lies with Abbott, not Edwards. *See eBay Inc.*, 547 U.S. at 391. Abbott thus faces a much stricter standard of proof here than it did in the UK; that difference alone shows that issue preclusion does not apply. *See Pony Express Records, Inc.* v. *Springsteen*, 163 F. Supp. 2d 465, 476 (D.N.J. 2001). As with lost profits, the issues are too different for issue preclusion to apply.

**The issues in this case were not actually litigated in the UK.** Lost profits were not litigated in the UK at all. Because Edwards has not had its day in court on that issue, issue preclusion does not apply. *See, e.g.*, *Popp Telcom* v. *Am. Sharecom, Inc.*, 210 F.3d 928, 940 (8th Cir. 2000). And Abbott's arguments highlighting that the burden of proof was on Edwards (not Abbott) in the UK show that issue preclusion ***does not*** apply, because Abbott must meet a stricter standard in this case. *See Pony Express Records, Inc.*, 163 F. Supp. at 476.

**The parts of the UK decision on which Abbott relies were not essential.** The UK court held that it was ruling against Edwards as a matter of law, and explained that its discussion of the evidence was "not strictly necessary." (Ex. 38 at ¶¶ 91-92.) Dicta cannot support issue preclusion. *See Hawksbill Sea Turtle* v. *Fed. Emergency Mgmt. Agency*, 126 F.3d 461, 475 (3d Cir. 1997). An alternative finding—the issue in the case on which Abbott relies—is not the same as dicta.

## III. <u>CONCLUSION</u>

The UK decision addressed different issues. Issue preclusion does not apply.

OF COUNSEL:
Nicholas Groombridge
Catherine Nyarady
Kripa Raman
Kira A. Davis
Michael F. Milea
Allison C. Penfield
Ayelet Evrony
Joshua Reich
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
ngroombridge@paulweiss.com
cnyarady@paulweiss.com
kraman@paulweiss.com
kdavis@paulweiss.com
mmilea@paulweiss.com
apenfield@paulweiss.com
aevrony@paulweiss.com
jreich@paulweiss.com

David E. Cole
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
(202) 223-7300
dcole@paulweiss.com

Dated: March 25, 2020

*/s/ Kelly E. Farnan*
Jeffrey L. Moyer (#3309)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
Richards, Layton & Finger, P.A.
920 N. King Street
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
Moyer@rlf.com
Farnan@rlf.com
Haynes@rlf.com

*Attorneys for Defendants Edwards Lifesciences Corp. and Edwards Lifesciences LLC*