

Kelly E. Farnan
302-651-7705
Farnan@rlf.com

April 27, 2020

**BY CM/ECF**

The Honorable Maryellen Noreika  **RE:** *Abbott Cardiovascular Systems, Inc., et*
United States District Court  *al.* **v.** *Edwards Lifesciences Corp.*, *et al.*, C.A.
844 N. King Street  **No. 19-149-MN (D. Del.)**
Wilmington, DE 19801

Dear Judge Noreika:

Edwards writes pursuant to the Court's April 3, 2020 Order (D.I. 384). The parties have conferred and, assuming a 5-day jury trial, the parties are both available for trial August 10-14, 2020, subject to the convenience of the Court.[1]

Edwards also requests that the allotted number of trial days be extended by two days, from 5 days to 7 days. While this matter was scheduled for a 5-day jury trial (D.I. 172 ¶ 21), both parties initially requested 8 days for trial (D.I. 161 ¶ 21). If the trial were extended to a 7-day jury trial the parties are available for a trial August 6-14.

Four patents remain to be tried, numerous complex issues are outstanding, and each party currently lists over 15 witnesses (including 6 expert witnesses per side) on its will-call list. Edwards thus respectfully requests that the currently scheduled 5-day trial be extended to 7 days in order to give each party additional time to put on its claims and defenses. Should Abbott narrow its case for trial, or other issues be removed from trial (*see* D.I. 340; D.I. 341; D.I. 350; D.I. 360), the parties can revisit this issue at the pre-trial conference, however, given the current scope of the case, Edwards requests a 7-day jury trial August 6-14. We understand that Abbott opposes this request, and will submit a letter on its position.

---

[1] During the meet and confer, Abbott offered, out of the three months that the parties were ordered to consider, only a single week of availability for trial – August 3-7. Edwards has witnesses unavailable during this week, and so informed Abbott. Following the call, Abbott agreed to the week of August 10, which was one of the weeks Edwards offered. The parties then attempted to draft a joint letter, but Abbott refused, despite Edwards' unavailability and the Court's order that the parties propose *mutually agreeable* trial dates, to remove its request for trial the week of August 3 should August 10 not work for the Court. Thus, we submit this letter on behalf of Edwards. For completeness, we note that during the meet and confer Edwards told Abbott that it has availability for trial in July; Abbott indicated that it was unavailable the entire month of July. Edwards also suggested collecting information regarding possible dates in September to allow for additional options, but Abbott refused to discuss September dates with Edwards, claiming that September is too late for trial. Edwards does have availability in September, and is prepared to meet and confer with Abbott regarding September options.

The Honorable Maryellen Noreika
Page 2

      We are available at the Court's convenience to discuss these and any other issues.

      Respectfully,

      */s/ Kelly E. Farnan*

      Kelly E. Farnan (#4395)